IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHRISTOPHER DEAN**, <br><br>     Plaintiff, <br><br>     v. <br><br> **MICHAEL ASTRUE**, Commissioner Social Security Administration, <br><br>     Defendant. | Case No. 3:11-cv-01283-SI <br><br> **OPINION AND ORDER** |

Tim Wilborn, P.O. Box 2768, Oregon City, Oregon, 97045. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 SW Third Avenue, Suite 600, Portland, OR 97201; David J. Burdett, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

PAGE 1, OPINION AND ORDER

**SIMON, District Judge.**

Plaintiff Christopher Dean ("Dean") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding him not disabled and denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the following reasons, the Commissioner's decision is affirmed.

### I.     BACKGROUND

**A.    The Plaintiff**

Mr. Dean was born in 1972. Tr. 137. (Dckt. # 9.) He has a tenth-grade education. Tr. 167. He applied for benefits on January 10, 2008, alleging disability since July 27, 2007. Tr. 137. Mr. Dean claims that his disability is due to back pain and a "nerve injury." Tr. 162. The Commissioner denied the applications initially and upon reconsideration. Tr. 87-100. An Administrative Law Judge ("ALJ") held a hearing on March 31, 2010. Tr. 45-74. On April 8, 2010, the ALJ found Mr. Dean to be not disabled. Tr. 29-40. On September 1, 2011, the Appeals Council accepted additional evidence into the record, but declined to review the ALJ's decision. Tr. 1-4. This action made the ALJ's decision the final decision of the Commissioner, subject to review by this court. 20 C.F.R. § 410.670a.

**B.    The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act."

PAGE 2, OPINION AND ORDER

*Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, he is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 416.920(e). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

C.   **The ALJ's Decision**

At step one of the sequential analysis, the ALJ found that Mr. Dean had not performed substantial gainful activity since his July 27, 2007, alleged onset date. Tr. 31. At step two, the ALJ found Mr. Dean's "post gunshot wound to the lumbar spine with surgical changes at L3-L4 and clumping of the nerve roots consistent with arachnoiditis," plantar faciitis "minimal on the right, acute on the left," post-traumatic stress disorder, and major depressive disorder to be "severe." *Id.* At step three, the ALJ found that these impairments did not meet or equal a listed disorder. Tr. 32-33. The ALJ found Mr. Dean's testimony regarding his symptoms not credible

PAGE 4, OPINION AND ORDER

(Tr. 34-35) and then concluded that Mr. Dean retained the RFC to perform work light work with nonexertional limitations. Tr. 33. The ALJ explained:

> [T]he claimant has the residual functional capacity to perform light work . . . and except he: has limited use of numbers; should never climb ladders, ropes and scaffolds; can occasionally stoop, kneel, crouch and crawl; can frequently climb ramps and stairs; can frequently balance; should avoid concentrated exposure to hazards and vibration; can understand, remember and carry out short simple instructions; should have no interaction with the general public and superficial interaction with coworkers. *Id.*

The ALJ found at step four that this RFC precluded performance of Mr. Dean's past relevant work. Tr. 39. Based upon the Commissioner's regulations and the testimony of a vocational expert, the ALJ found at step five that Mr. Dean could perform work that existed in significant numbers in the national economy. Tr. 39-40. The ALJ therefore found Mr. Dean not disabled. Tr. 40.

## II.    STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment

for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

### III. DISCUSSION

Mr. Dean asserts that the ALJ erroneously: (1) evaluated the lay witness testimony; (2) assessed his impairments at step three; and (3) found that he could perform work in the national economy. Mr. Dean contends that he is disabled under the Commissioner's regulations.

### A. Lay Testimony

Mr. Dean asserts that the ALJ improperly evaluated testimony submitted by his estranged wife, Julie Dean. Ms. Dean testified that Mr. Dean comes to her house and watches their children while Ms. Dean works and attends school. Tr. 63. She stated he "can't handle standing for periods of time," cannot cook, and "cannot do much of anything." Tr. 62-63. Ms. Dean reported that Mr. Dean is laying down when she leaves the house and laying down when she returns. Tr. 64. She also affirmed, in response to questioning, that Mr. Dean has "uncontrolled anger." Tr. 65. Ms. Dean also stated that Mr. Dean is "constantly saying how much it hurts. He cries about it." Tr. 66.

The ALJ noted Ms. Dean's testimony that Mr. Dean comes to her house and cares for their children while Ms. Dean works and goes to school and that Ms. Dean did not believe that Mr. Dean could sustain a sedentary job. Tr. 36. The ALJ then gave Ms. Dean's opinion "little

weight." Tr. 36. The ALJ noted Ms. Dean's difficult relationship with Mr. Dean. *Id.* The ALJ also cited Mr. Dean's own report that they argue regarding his failure to help around the house, and the ALJ found that this testimony contradicted Ms. Dean's testimony that she believed Mr. Dean had limitations inconsistent with sedentary work. *Id.*

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d); 416.913(d); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 1012) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). The ALJ also must provide germane reasons for rejecting lay testimony. *Molina*, 674 F.3d at 1114 (citing *Dodrill*, 12 F.3d at 919). The ALJ, however, is not required to address each witness "on an individualized witness-by-witness basis" and may reject lay testimony predicated upon reports of a claimant properly found not credible. *Molina*, 674 F.3d at 1114 (citing *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009)).

The ALJ found Mr. Dean not credible regarding the extent of his limitations (Tr. 37-38), and Mr. Dean does not now challenge that finding. The ALJ received Ms. Dean's report that Mr. Dean is "always laying down" and that Ms. Dean did not believe that Mr. Dean could perform a sedentary job. Tr. 36. The ALJ may reject lay testimony that repeats allegations made by a properly discredited claimant. *Molina*, 674 F.3d at 1114 (citing *Valentine*, 574 F.3d at 694). This reasoning is therefore affirmed.

The ALJ also found that Mr. Dean's testimony of total disability contradicted Ms. Dean's testimony that the couple argued over his unwillingness, rather than his inability, to perform household chores. Tr. 36. The ALJ need only point to germane reasons for rejecting lay witness testimony, *Molina*, 674 F.3d at 1114, and may rely upon contradictory testimony concerning symptoms in making a credibility analysis. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.

1996) (ALJ may rely upon "ordinary techniques of credibility evaluation, such as . . . prior inconsistent concerning the symptoms, and other testimony that appears less than candid"). The ALJ's reasoning regarding contradictions in Ms. Dean's testimony is sufficiently germane to allow the ALJ to discredit Ms. Dean's testimony under this standard.

Finally, Mr. Dean challenges the ALJ's citation to domestic violence in reviewing Ms. Dean's testimony. Pl.'s Opening Br. 16. This Court has reviewed the record and is satisfied that the ALJ's findings pertaining to Ms. Dean's testimony are based upon the record and the legal standards articulated above. For these reasons, the ALJ's findings regarding Ms. Dean's testimony are affirmed.

### B.     Step Three Findings

Mr. Dean also argues that his gunshot wound to the lumbar spine and associated injury meets or equals Listing 1.04B, which addresses a spinal disorder known as arachnoiditis. Arachnoiditis is neuropathic disease caused by inflammation of a membrane that surrounds the spinal cord. *See* Web M.D., "Pain Management: Arachnoiditis," available at http://www.webmd.com/pain-management/guide/pain-management-arachnoiditis (last visited November 20, 2012).

At step three, the ALJ must determine whether a claimant's medically determinable impairment "meets" or "equals" associated criteria in the Commissioner's regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). This determination must be adequately explained. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

Listing 1.04B addresses "Disorders of the spine." To meet this Listing, a claimant must show "spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy or by appropriate medically acceptable imaging, manifested by severe burning or painful

dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04B.

The ALJ made the following findings pertaining to Listing 1.04:

> Claimant's back impairment does not meet or equal the Listing found at 1.04 because there is no evidence of nerve root compression, lumbar spinal stenosis resulting in pseudoclaudication, and claimant's apparent spinal arachnoiditis is not manifested by severe burning or painful dysesthesia that results in the need for changes in position or posture more than once every two hours. DDS examiners initially assessed claimant's arachnoiditis meets Listing 1.04B. However, the [ALJ] does not give great weight to these opinions because claimant does not report any dystheisas or severe burning in his lower extremities, as is required for Listing 1.04B. Subsequent DDS opinions, to which the [ALJ] accords great weight, concluded claimant's back impairment does not meet the Listing at 1.04B.

Tr. 32 (internal citations omitted).

Mr. Dean first points to the medical record showing that, after his 1994 gunshot wound to his right flank and lumbar spine, he experienced lower back pain. Pl.'s Opening Br. 4-5. He also points to a December 8, 2007, MRI showing "marked clumping of nerve roots at the L3 level, consistent with arachnoiditis." Tr. 229. This evidence alone is insufficient to meet Listing 1.04B, which additionally requires that a claimant have severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04B.

To meet this final requirement, Mr. Dean must rely upon his own testimony. He points to his own reports that he is unable to stand in one position for long and must frequently lie down to relieve pain. Pl.'s Opening Br. 13. The ALJ rejected Mr. Dean's testimony on this matter (Tr. 34-34), and Mr. Dean does not now challenge the ALJ's analysis of Mr. Dean's credibility. Mr. Dean therefore has not shown that the ALJ erred by failing to include that testimony in the ALJ's step three analysis.

PAGE 9, OPINION AND ORDER

Mr. Dean also points to his wife's testimony that he spends most of the day laying down. Pl.'s Opening Br. 13. The ALJ properly rejected Ms. Dean's testimony, as explained above. This evidence therefore also fails to establish that Mr. Dean meets listing 1.04B.

C.      **The ALJ's Step Five Findings**

Mr. Dean further argues that the ALJ erred at step five in the sequential proceedings. Pl.'s Opening Br. at 17-18. Mr. Dean specifically asserts that the ALJ's hypothetical question posed to the vocational expert was invalid. *Id.*

The ALJ determines at step five if the claimant can perform work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). Here the ALJ may draw upon a vocational expert's testimony to show that a claimant can perform such work. 20 C.F.R. §§ 404.1566(d-e); 416.966(d-e). The ALJ's questions to the vocational expert must include all properly supported limitations, but may exclude unsupported limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

Mr. Dean asserts that the ALJ erroneously failed to ask the vocational expert to consider unspecified limitations associated with his plantar faciitis, alleged inability to sit for a few minutes, and unspecified limitations described by Ms. Dean. Pl.'s Opening Br. 18. Mr. Dean does not challenge the ALJ's findings pertaining to Mr. Dean's own testimony, and therefore fails to establish that the ALJ erroneously omitted limitations reported by Ms. Dean regarding Mr. Dean's plantar faciitis or sitting and standing. The ALJ's findings regarding Ms. Dean's testimony are affirmed for the reasons stated above. Therefore, because Mr. Dean fails to establish that the ALJ erroneously omitted limitations from his RFC, he does not now establish that the ALJ erred in his questions to the vocational expert at step five. The ALJ's step five findings are affirmed.

## IV.  CONCLUSION

Mr. Dean fails to show that the ALJ erroneously evaluated the lay witness testimony, Mr. Dean's impairment at step three, or the vocational expert's testimony.  The ALJ's decision is based upon the record and the correct legal standards.  It is therefore AFFIRMED.

**IT IS SO ORDERED**.

DATED this 3rd day of January, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge